Levy vs. Waterworks Company.

## No. 9508.

### ISAAC LEVY VS. NEW ORLEANS WATERWORKS COMPANY.

The codal provisions of our practice touching injunctions are broader and more comprehensive than the rules of the chancery courts and include causes for injunctions that would not be sanctioned in a common-law court. Differences in the manner of obtaining the writs under the two systems are not less manifest than the difference in their scope. Under our system when it has been judicially determined that the writ was rightfully issued, there can be no doubt that the party who has been injured by disobedience of it may recover all damages he has suffered thereby.

A PPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

*Jonas & Nixon* for Plaintiff and Appellee.

*J. R. Beckwith* for Defendant and appellant.

The opinion of the Court was delivered by

MANNING, J. This suit is for the recovery of damages alleged to have been sustained because of the cutting off water from the plaintiff's rice-mill by the defendant company. It is a pendant to the injunction-suit between the same parties.

The items are loss of profit of sixteen days milling estimated at $2,520.20—the expenses of the mill while idle, $439.52—interest on the value of the mill-machinery and on the value of the rice on hand at the stoppage, $189.12—sum expended on attempting to bore wells to obtain water, $150—total $3,298.84.

The lower court gave judgment for $94.58.

The water was cut off October 5, 1884, and was restored on 21st. of same month. On the day before its restoration the parties to this suit agreed in writing that the plaintiff should pay four hundred dollars cash for his water supply for two years from Oct. 1, 1883 to same date 1885, reserving the question of any further sum due the defendant to the decision of the injunction suit pending, and the defendant agreed to turn on the water at once, the right of each to claim damages of the other being reserved. The money was paid and the next day the water-connection was restored.

The petition was filed while the injunction-suit was pending and therefore before it had been judicially determined whether the injunction had been rightfully or improvidently granted. This was made the ground of an exception of no cause of action which was properly overruled.

Of course the plaintiff, in bringing his suit for damages during the pendency of the injunction, ran the risk of an adverse decision in the

first suit. in which event his suit for damages would not only have fallen but his adversary, on suing him in turn for damages for the wrongful injunction, could have included the costs and expenses put upon him by the plaintiff's second suit. But if he chose to take the risk no harm was done. The two suits went along *pari passu*, the injunction having been first tried, and the fact that we have the two records now on appeal at the same time, each complete and with all necessary or available proof, is an answer to the objection that the present suit was premature.

It is still claimed by the defendant that the injunction was wrong·fully obtained and that there is no warrant of law for it, but even if rightfully issued that it did not extend beyond Oct. 1, 1884. All contention on the duration of the writ is closed by our decision in State ·ex rel. Waterworks Co. v. Levy, 36 Ann. 941, and upon the plaintiff's right to the writ it is very likely that at common law it would not be issuable, but the codal provisions for our practice are broader and more comprehensive than the rules of the chancery courts and include many causes for injunctions that would not be sanctioned in a common-law court. Differences in the manner of obtaining the writs under the two systems are not less manifest than the difference in their scope, and there can be no doubt that when it has been determined that the writ was rightfully issued, the party who has been aggrieved by disobedience of it may recover all damages he has suffered thereby. Code Prac. art. 308.

In estimating these damages we do not find data in the record that justify us in altering the amount assessed by the lower judge. The expenses of employees would be included by us as they would have been included by him, but they were employed by the year and no loss *quoad* their salaries was sustained by the stoppage of the mill.

Judgment affirmed.

---

### DISSENTING.

POCHÉ, J.   Referring to my dissenting opinion in the case of the State ex rel. Waterworks Company vs. Levy, 36 Ann. 941, and believing for the reasons therein given that there was no injunction on the fifth of October, 1884, restraining the Waterworks Company from cut·ting off Levy's water supply, I hold that they cannot be mulcted in damages for disposing of their own property according to their own judgment and in the light of their best interests.

I therefore dissent from the opinion and decree of the majority in this case.

BERMUDEZ, C. J.   I concur in this opinion.